UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

            Plaintiff,

   v.

YORKSHIRE MANOR I HOMEOWNERS ASSOCIATION, *et al.*,

            Defendants.

Case No. 3:16-cv-00475-MMD-WGC

ORDER

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are Defendant Strada Properties, LLC's ("Strada") motion for summary judgment (ECF No. 49), Defendant Yorkshire Manor I Homeowners Association's ("Yorkshire" or ("HOA")) motion for summary judgment (ECF No. 54), and Plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment (ECF No. 55). The Court has reviewed the relevant joinders, responses, and replies (ECF Nos. 52, 56, 57, 59, 64, 65, 69, 70). For the following reasons, the Court denies Strada and Yorkshire's motions for summary judgment and grants BANA's motion for summary judgment.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

**A.    Property, Note, and Deed of Trust**

This action concerns the parties' rights to real property located at 1617 London Circle, Sparks, NV 89431 ("Property"), within the HOA. (ECF No. 55 at 4.) Dinan J. Perry

("Borrower") executed a promissory note ("Note") in the amount of $124,500 in favor of Countrywide Home Loans, Inc. ("Lender") as the original lender on July 10, 2007. (ECF No. 49 at 2; ECF No. 55 at 4.) Repayment of the Note was secured by a deed of trust ("DOT") on the Property that was recorded on July 16, 2007. (ECF No. 49 at 2; ECF No. 55 at 4.) Under the DOT, Mortgage Electronic Registration Systems, Inc. ("MERS") was the original beneficiary of record, solely as a nominee for Lender and Lender's successors and assigns. (ECF No. 49 at 2-3; ECF No. 55 at 4.)

MERS assigned the DOT to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("BAC") on August 25, 2008. (ECF No. 49 at 3.) The assignment was recorded on August 28, 2009. (*Id.*; ECF No. 55 at 4.)

**B.     BAC Foreclosure Sale**

BAC foreclosed on the DOT, and Federal National Mortgage Association ("Fannie Mae") purchased the Property at the foreclosure sale on March 26, 2010, for $134,660.03. (ECF No. 49 at 3; ECF No. 55 at 4.) A foreclosure deed was recorded on April 1, 2010. (ECF No. 49 at 3; ECF No. 55 at 4.) BAC assigned the DOT to Fannie Mae on March 30, 2010, and the assignment was recorded on April 1, 2010. (ECF No. 49 at 3; ECF No. 55 at 5.)

**C.     HOA Foreclosure Sale**

The HOA recorded a notice of delinquent assessment lien in the amount of $917 on September 28, 2009. (ECF No. 49 at 3.) The HOA recorded a second notice of delinquent assessment lien in the amount of $4,976.50 on October 27, 2010. (ECF No. 49 at 3; ECF No. 55 at 5.) The HOA recorded a notice of default and election to sell on March 25, 2011. (ECF No. 49 at 3; ECF No. 55 at 5.) The HOA recorded a notice of foreclosure sale on July 21, 2011, scheduling the sale for August 10, 2011, and indicating that the amount owed to the HOA was $6,992.50. (ECF No. 55 at 5.) The HOA sold the Property to Strada for $21,100 on August 10, 2011 ("HOA Sale"). (*See* ECF No. 49 at 4; ECF No. 55 at 5.)

///

### D. Interpleader Action

The HOA filed a state court interpleader action ("Interpleader Action") naming Fannie Mae as a defendant on October 19, 2011. (ECF No. 49 at 4.) Fannie Mae—BANA's predecessor in interest—failed to appear and default judgment was entered in favor of the HOA. (*Id.*)

### E. Rescission of BAC's Foreclosure

Fannie Mae rescinded BAC's foreclosure of the DOT on February 12, 2014, transferring ownership of the Property back to the Borrower. (ECF No. 49 at 4; ECF No. 55 at 5.)

### F. Subsequent Assignment of the Deed of Trust

The DOT was assigned to BANA on April 7, 2014. (ECF No. 55 at 5.) BANA assigned the DOT to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("U.S. Bank.") on March 26, 2015, and the assignment was recorded on April 8, 2015. (ECF No. 49 at 4; ECF No. 55 at 5.) U.S. Bank assigned the DOT back to BANA, and the assignment was recorded on June 9, 2016. (ECF No. 55 at 5.)

### G. Complaint and Counterclaims

BANA filed the Complaint in this action on August 10, 2016, asserting the following claims for relief: (1) declaratory judgment against all Defendants that the DOT survived the HOA Sale due to the Federal Foreclosure Bar; (2) declaratory judgment against all Defendants that the DOT survived the HOA Sale because the HOA Sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS § 116.3116; (3) quiet title against Strada; (4) wrongful foreclosure against the HOA; and (5) injunctive relief against Strada. (ECF No. 1.)

Strada asserted a counterclaim for quiet title. (ECF No. 11 at 6-7.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,

the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

## IV. STRADA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 49)

### A. Claim Preclusion

Strada first argues that the Interpleader Action precludes BANA's claims under the doctrine of claim preclusion. (ECF No. 49 at 5.) BANA responds, among other things, that Strada cannot assert claim preclusion because Strada was not involved in the Interpleader Action. (ECF No. 52 at 5.) The Court agrees with BANA.

The Court applies the claim preclusion rules of Nevada because Strada seeks to give preclusive effect to a Nevada state court judgment. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) ("[The Full Faith and Credit Act] requires federal courts to apply the *res judicata* rules of a particular state to judgments issued by courts of that state."). In Nevada, there are three elements that must be shown to assert claim preclusion: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008), *holding modified by Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015) (modifying only the privity requirement for nonmutual claim preclusion). "[B]oth the party against whom claim preclusion is asserted *and* the party asserting claim preclusion must have been 'involved' in the prior case or in privity with a party involved in the prior case." *See Dockins v. Am. Family Fin. Servs., Inc.,* 606 F. App'x 877, 879 (9th Cir. 2015) (citing *Ruby*, 194 P.3d at 714). Strada—the party asserting claim preclusion—does not argue that it was involved in the Interpleader Action or in privity with a party involved in the Interpleader Action. (*See* ECF No. 56 at 2-3.) Accordingly, Strada cannot assert claim preclusion.

### B. Issue Preclusion

Strada further argues that BANA's claims are barred by issue preclusion. (ECF No. 56 at 3; *see also* ECF No. 49 at 7.) The Court rejects Strada's argument because it was raised for the first time in Strada's reply. (*Compare* ECF No. 49 at 7 *with* ECF No. 56 at 3.) "[I]t is improper for a party to raise a new argument in a reply brief." *United States v.*

*Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal.2001) *aff'd*, 36 F. App'x 612 (9th Cir. 2002) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)). The Court also rejects this argument on its merits.

"The doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Robi*, 838 F.2d at 322 (quoting *Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)). Under Nevada law,[1] issue preclusion applies if the following factors are satisfied: "'(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation'; and (4) the issue was actually and necessarily litigated." *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014) (alteration in original) (quoting *Ruby*, 194 P.3d at 710). The proponent of issue preclusion bears the burden of demonstrating that the doctrine applies. *See, e.g.*, *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 718 (Nev. 2009); *Marine Midland Bank v. Monroe*, 756 P.2d 1193, 1194 (Nev. 1988).

Issue preclusion is unavailable here because no issue was "actually and necessarily litigated" in the Interpleader Action. "When a default judgment is entered based on failure to answer, issue preclusion is not available because the issues raised in the initial action were never actually litigated." *Andrew v. Century Sur. Co.*, No. 2:12-CV-00978-APG, 2013 WL 5592889, at *7 (D. Nev. Oct. 10, 2013), *on reconsideration in part*, No. 2:12-CV-00978-APG, 2014 WL 1764740 (D. Nev. Apr. 29, 2014) (citing *In re Sandoval*, 232 P.3d 422, 425 (Nev. 2010)).

///

///

---

[1]The Court must apply Nevada's collateral estoppel rules in this case (not federal common law) because Strada seeks to give preclusive effect to a prior Nevada state court judgment (not a federal court judgment). *See In re Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003) (citing 28 U.S.C. § 1738).

### C. Compulsory Counterclaims

Strada further argues that BANA's claims are barred by Nev. R. Civ. P. 13(a) as compulsory counterclaims that should have been raised in the Interpleader Action. (ECF No. 49 at 7.) BANA argues, among other things, that Rule 13(a) does not apply here because Strada was not a party to the Interpleader Action. (ECF No. 52 at 7.) The Court agrees with BANA. Rule 13(a) requires a "pleading" to "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any *opposing party*." Rule 13(a) (emphasis added). Strada was not an opposing party in the interpleader action because Strada was not a party at all. Accordingly, Rule 13(a) did not require Fannie Mae to raise counterclaims against Strada.

### D. NRS § 116.3116

Strada further argues that the HOA foreclosure sale extinguished the DOT because Defendants complied with all requirements of NRS § 116.3116 *et seq.* (ECF No. 49 at 9.) However, the Court finds that the federal foreclosure bar preserved the DOT. *See infra* Section VI.

Accordingly, the Court denies Strada's motion for summary judgment.

## V. YORKSHIRE'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 54)

### A. Claim Preclusion

Yorkshire first argues that BANA's claims against the HOA are barred by claim preclusion. (ECF No. 54 at 5.) BANA counters that claim preclusion does not apply because this action is based on a different set of facts and circumstances than the Interpleader Action. (ECF No. 57 at 4.) The Court agrees with BANA.

"The test for determining whether the claims, or any part of them, are barred in a subsequent action is if they are 'based on the same set of facts and circumstances as the [initial action].'" *Mendenhall v. Tassinari*, 403 P.3d 364, 370 (Nev. 2017) (alteration in original). Here, they are not. The factual basis of the Interpleader Action was the existence of excess funds from the HOA foreclosure sale. The factual basis of this action is the effect of the HOA foreclosure sale on the DOT. While both actions relate to the foreclosure sale,

the Interpleader Action arose from the funds generated by the foreclosure sale, and this action arises from the foreclosure sale itself. Accordingly, the Court finds that claim preclusion does not bar BANA's claim.

### B.    Issue Preclusion

Yorkshire further argues that BANA's claims are barred by issue preclusion. (ECF No. 54 at 6.) Issue preclusion is unavailable here as discussed *supra* Section IV(B). Yorkshire's citation to dated Nevada Supreme Court precedent is unpersuasive. (*See* ECF No. 70 at 9 (citing *MacDonald v. Krause*, 362 P.2d 724, 725 (Nev. 1961)).) Moreover, Yorkshire's characterization of recent, controlling Nevada Supreme Court precedent—*In re Sandoval*—as limited to the facts of that case (*see id.* at 8) is incorrect—the Nevada Supreme Court expressly held that "[w]hen a default judgment is entered where an answer has not been filed, the issue presented was not actually and necessarily litigated, and issue preclusion does not apply in such circumstances." 232 P.3d at 425.

### C.    Compulsory Counterclaims

Yorkshire further argues that BANA's claims are barred as compulsory counterclaims that should have been raised in the Interpleader Action under Nev. R. Civ. P. 13(a). (ECF No. 54 at 7.) BANA argues that Rule 13(a) does not apply because Fannie Mae did not file a responsive pleading in the Interpleader Action. (ECF No. 57 at 6.) The Court agrees with BANA. *See Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 878 (N.D. Cal. 2015) (quoting *MRW, Inc. v. Big–O Tires, LLC*, No. CIV. S–08–1732 LKK/DAD, 2008 WL 5113782, at *10 (E.D. Cal. Nov. 26, 2008)) ("[T]he bar to future suit does not arise if the defendant in the prior action did not file a responsive pleading.").

Yorkshire argues that Rule 13(a) bars compulsory counterclaims regardless of whether the defendant filed a pleading in the first action, but two of the cases Yorkshire cites are distinguishable because they did not involve a default judgment. *See Mendenhall v. Tassinari*, 403 P.3d 364 (Nev. 2017); *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465 (Nev. 1998). The remaining case Yorkshire cites in support of its position is also distinguishable because it did not expressly address the issue presented here. In *Geraldo*

*v. Richland Holdings, Inc.*, No. 2:17-CV-15 JCM (PAL), 2017 WL 3174918, at *4 (D. Nev. July 26, 2017), *aff'd*, 716 F. App'x 728 (9th Cir. 2018), the court found that the plaintiffs' claims were barred as compulsory counterclaims that should have been raised in a prior state action in which default judgment was entered against them. *Id.* at *4. However, the court did not expressly consider the argument presented here—that Rule 13(a) only applies to pleadings and has no force in actions where no pleading was filed. The plain language of Rule 13(a) limits its applicability to proceedings in which a pleading was actually filed by the party that supposedly waived a compulsory counterclaim. *See* Rule 13(a) (requiring a "pleading" to state any compulsory counterclaim).

Yorkshire argues that *Big-O Tires* is distinguishable because the defendant in that action was never "required" to file an answer or responsive pleading—a settlement through stipulated judgment was entered before the filing of a responsive pleading or answer. (ECF No. 70 at 11.) But this difference is immaterial. The fact remains that the defendant in that case never actually filed a pleading, and that was the basis of the court's decision.

Accordingly, the Court denies Yorkshire's motion for summary judgment.

## VI. BANA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 55)

BANA argues, among other things, that the HOA foreclosure sale did not extinguish the DOT because of the Federal Foreclosure Bar. (ECF No. 55 at 7.) The Court agrees.[2]

The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, possessed an enforceable property interest at the time of the HOA Sale, and did not consent to such extinguishment. *See id.* at 933.

Here, it is undisputed that Fannie Mae was placed into conservatorship under FHFA in September 2008 and did not consent to the HOA Sale extinguishing or foreclosing

///

---

[2] Accordingly, the Court declines to address BANA's other arguments.

9

Fannie Mae's interest in the Property. (*See* ECF No. 55 (requesting judicial notice of these facts regarding Fannie Mae); ECF No. 65 (failing to oppose the request).) Fannie Mae acquired an enforceable property interest in the Property on March 30, 2010, and continued to hold that interest at the time of the HOA Sale on August 10, 2011. (ECF No. 55 at 9.)

The Court finds that the Federal Foreclosure Bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT therefore continues to encumber the Property.

Strada argues that Fannie Mae's rescission of the BAC foreclosure eliminated its DOT because the notice of rescission reversed: (1) the August 28, 2009 assignment from MERS to BAC; (2) the March 26, 2010 BAC foreclosure and Fannie Mae's purchase; and (3) the April 1, 2010 BAC recorded assignment to Fannie Mae. (ECF No. 59 at 2-3.) The HOA makes similar arguments. (ECF No. 65 at 7.) BANA argues that the rescission had no effect on the DOT—it only affected ownership of the Property. (ECF No. 69 at 7-8.) The Court agrees with BANA. Fannie Mae only rescinded the BAC foreclosure—the effect of which was to transfer ownership of the Property from the Borrower to Fannie Mae. The BAC foreclosure did not change the record-beneficiary of the first DOT. Thus, rescinding the BAC foreclosure does not change the various assignments of the DOT.

Accordingly, the Court grants BANA's motion for summary judgment.

**VII.　CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

It is therefore ordered that Strada's motion for summary judgment (ECF No. 49) is denied.

It is further ordered that Yorkshire's motion for summary judgment (ECF No. 54) is denied.

It is further ordered that BANA's motion for summary judgment (ECF No. 55) is granted. The Court grants summary judgment in favor of BANA on its quiet title and declaratory relief claims and on Strada's counterclaim to quiet title. The Court declares that the HOA Sale did not extinguish Fannie Mae's interest in the Property that was subsequently assigned to BANA.

BANA is directed to file a status report to indicate whether it intends to pursue the remaining wrongful foreclosure claim.

DATED THIS 14th day of January 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE